MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF LEROY HESS
AND BONNA HESS FOR EXONERATION
FROM OR LIMITATION OF LIABILITY AS
OWNERS OF THAT CERTAIN 1997 21 FOOT
QUANTUM RENDEZVOUS BOW RIDER MOTOR
VESSEL, HULL ID NO USPA63GFB797,
FLORIDA REGISTRATION NO. FL3369KG
    Petitioners.

CASE NO.: 8:06-CV-2308-26 TBM

FILED 2006 DEC 19 AM 10:_
CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

_____/

## ORDER APPROVING PETITIONERS'
## STIPULATION FOR VALUE, DIRECTING ISSUANCE OF
## NOTICE AND RESTRAINING PROSECUTION OF CLAIMS

Petitioners Leroy Hess and Bonna Hess (collectively the "Petitioners"), owners of that certain 1997 21 foot Quantum Rendezvous Bow Rider Motor Vessel, hull identification number USPA63GFB797, Florida registration number FL3369KG (the "Vessel"), having on 15th of December 2006 filed a Complaint For Exoneration From or Limitation of Liability pursuant to 46 U.S.C. Appx. § 181 et. seq., and all statutes amendatory thereof and supplementary thereto, for any losses, deaths, damage, injuries or expenses arising out of the voyage aboard the Vessel referred to in the Complaint, and the Petitioners having stated in said Complaint the facts and circumstances upon which exoneration from or limitation of liability is claimed, and having filed an Ad Interim Stipulation for value, duly executed by the Petitioners, as principals, and The Continental Insurance Company, a member of the CNA Group of Companies, as surety, and a Letter of Undertaking executed by The Continental Insurance Company, a member of the CNA Group of Companies, and it appearing that the Petitioners desire to obtain a restraining order,

**IT IS ORDERED**:

1. The Ad Interim Stipulation for Value and Letter of Undertaking in the amount of $6,500.00, with interest at the rate of six percent (6 %) per annum from this date, executed on the _15th_ day of _November_, 200_6_, by the Petitioners, as principals, and on the _7th_ day of _November_ 200_6_ by The Continental Insurance Company, a member of the CNA Group of Companies, as surety, and filed herein by the Petitioners, is approved and accepted as sufficient security for the amount or value of the Petitioners' interest in the Vessel and its pending freight, if any, on June 4, 2006 for purposes of this Limitation proceeding.

2. The further prosecution of any and all lawsuits already commenced and the commencement or prosecution of any and all subsequent lawsuits of any nature or description whatsoever, in any jurisdiction, and the taking of any steps and the making of any motions in such actions against the Petitioners, the Vessel, any property of the Petitioners, or insurers or underwriters of the Petitioners, except in this Limitation action, to recover damages for or with respect to any losses, deaths, damages, injuries or expenses arising out of or connected with the incident involving the Vessel occurring on June 4, 2006 that is the subject of the Complaint, are restrained, stayed, and enjoined until the hearing and determination of this proceeding.

3. That a Notice issue out of and under the seal of this District Court against all persons, firms and corporations claiming damages for any and all losses, deaths, damages, injuries or expenses caused by or resulting from the aforementioned voyage aboard the Vessel referred to in the Complaint, citing them to file their respective claims with the Clerk of the District Court and to serve on or mail to the Petitioners' attorneys, Timothy C. Conley, Lau, Lane, Pieper, Conley & McCreadie, P.A., 100 S. Ashley Drive, Suite 1700, Tampa, Florida 33602 a copy thereof on or before the _22_ day of _January_, 200_7_, (must be at least 30

days after issuance of Notice) subject to the right of any person to controvert or to question the same, with liberty also to any such claimants who shall have filed their claims under oath to answer said Complaint.

4. That notice be given by publication of the Notice in the form prescribed by Rule F(4) of the Federal Rules of Civil Procedure and Local Admiralty Rule 7.06 in the Sarasota Herald Tribune once a week for four consecutive weeks prior to the date fixed for the filing of claims, and the said Petitioners, not later than the day of the second publication, shall mail a copy of said Notice [prescribed by said Rule F(4)] to every person known to have made any claim against the Vessel or the Petitioners arising out of the said incident involving the Vessel on June 4, 2006 from which the claim or claims sought to be limited arose.

5. Service of this Order as a restraining order may be made in the usual manner by delivery by the Marshal of the United States for the District in which service is made, through the United States Postal Service by mailing a conformed copy of this Order to the person or persons to be restrained or to their respective attorneys or representatives.

**DONE AND ORDERED** at Tampa, Florida this ___ day of _____, 200_.

_____
United States District Court Judge or
~~United States Magistrate Judge~~

Copies furnished to:

Timothy C. Conley, Attorney for Petitioners